UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| KEITH VANDIVER, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No.  6:19-cv-455 |
| SYSTEMS & SERVICES TECHNOLOGIES, INC., | ) ) ) |
| Defendant. | ) ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, KEITH VANDIVER ("Plaintiff"), through his attorney, Agruss Law Firm, LLC, alleges the following against Defendant, SYSTEMS & SERVICES TECHNOLOGIES, INC. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Texas Debt Collection Act Tex. Fin. Code Ann. § 392, et al.  ("TDCA").

2. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. § 227, et seq. ("TCPA").

### JURISDICTION AND VENUE

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

4. This Court has jurisdiction under 28 U.S.C. § 1367 which grants this court supplemental jurisdiction over the state claims contained within.

5. This Court has federal question jurisdiction because this case arises out of violations of federal law.  47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

1

6. Defendant conducts business in Morgan, Bosque County, Texas.

7. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

8. Plaintiff is a natural person residing in Morgan, Bosque County, Texas.

9. Plaintiff is a consumer as that term is defined by the TDCA.

10. Plaintiff is, and at all times mentioned herein, a "person" as defined by the TCPA.

11. Plaintiff allegedly owes a debt as that term is defined by the TDCA.

12. Defendant is a debt collector as that term is defined by the TDCA.

13. Defendant attempted to collect a consumer debt from Plaintiff.

14. Defendant is a business entity engaged in the collection of debt within the State of Texas.

15. Defendant is, and at all times mentioned herein, a "person" as defined by the TCPA.

16. Defendant is a Texas business corporation based in St. Joseph, Buchanan County, State of Missouri.

17. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

19. Defendant is attempting to collect an alleged consumer debt from Plaintiff which Plaintiff.

20. The alleged debt owed arises from transactions for personal, family, and household purposes.

21. Within the past year of Plaintiff filing this Complaint, Defendant began calling Plaintiff on Plaintiff's work cellular telephone at xxx-xxx-2693 and home telephone at xxx-xxx-2641, in an attempt to collect the alleged debt.

22. Defendant calls Plaintiff from 800-388-1806, which is one of Defendant's telephone numbers.

23. Since Defendant began calling Plaintiff, Defendant has placed calls to Plaintiff at an excessive rate.

24. On or around April 15, 2019, Plaintiff spoke with one of Defendant's agents and requested for Defendant to stop calling his cellular telephone number and home telephone number.

25. Defendant's agent told Plaintiff that Defendant would not stop calling his cellular telephone.

26. Despite Plaintiff's request to stop calling him, Defendant continued to place calls to Plaintiff's telephones unabated.

27. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

28. None of the calls Defendant made to Plaintiff were for an emergency purpose.

29. All of the calls were made by Defendant's employees or Defendant's agents. Thus, all of the calls were made on behalf of Defendant.

30. All of the calls Defendant made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

31. During at least one conversation, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

32. Even if at one point Defendant had prior express consent to call Plaintiff's cellular

telephone, Plaintiff revoked this consent as described above.

33. Within four (4) years of Plaintiff filing this Complaint, Defendant used an ATDS to call Plaintiff's cellular telephone.

34. When Plaintiff answered Defendant's calls, he was sometimes greeted with "dead air" whereby no person was on the other end of the line.

35. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

36. Within 4 years of Plaintiff filing this Complaint, Defendant left pre-recorded voicemail messages for Plaintiff on Plaintiff's cellular telephone.

37. Within 4 years of Plaintiff filing this Complaint, Defendant left voicemail messages from live operators for Plaintiff on Plaintiff's cellular telephone.

38. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

39. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

40. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

41. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

42. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

43. The telephone dialer system Defendant used to call Plaintiff's cellular telephone dials numbers automatically from a list of numbers, with no human intervention involved at the

time of dialing, and is an automatic telephone dialing system as defined by the Telephone Consumer Protection Act, 47 U.S.C. § 227(a)(1) and the Federal Communications Commission's (FCC's) 2003 Order regarding the TCPA. *See In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14092 (2003); *Ammons v. Ally Financial, Inc.*, No. 3:17-cv-00505, 2018 WL 3134619 (M.D. Tenn. June 27, 2018).

44. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple recipients.

45. Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and because he heard a pause when he answered his phone before a voice came on the line.

46. The dead air that Plaintiff may have experienced on the calls that he received is indicative of the use of an ATDS. This "dead air" is commonplace with autodialing and/or predictive dialing equipment. It indicates and evidences that the algorithm(s) being used by Defendant's autodialing equipment to predict when the live human agents are available for the next call has not been perfected and/or has not been recently refreshed or updated. Thus, resulting in the autodialer placing a call several seconds prior to the human agent's ability to end the current call he or he is on and be ready to accept the new connected call that the autodialer placed, without human intervention, to Plaintiff. The dead air is essentially the autodialer holding the calls it placed to Plaintiff until the next available human agent is ready to accept them. Should the calls at issue been manually dialed by a live human being, there would be no such dead air as the person dialing Plaintiff's cellular telephone would have been on the other end of the call the entire time and Plaintiff would have been

immediately greeted by said person.

47. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

    a. Invading Plaintiff's privacy;
    b. Electronically intruding upon Plaintiff's seclusion;
    c. Intrusion into Plaintiff's use and enjoyment of his cellular telephone;
    d. Embarrassment, stress, worry, frustration, anger and trespass to chattel (phone);
    e. Impermissibly occupying minutes and data, draining of cell phone battery, negatively impacting Plaintiff's availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of his cellular telephone; and
    f. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

## COUNT I
## DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT

48. Defendant violated the TDCA based on the following:

    a. Defendant violated Tex. Fin. Code §392.302(4) by oppressing, harassing, or abusing Plaintiff by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number, when Defendant continued to call Plaintiff after Plaintiff requested for Defendant stop calling him.

WHEREFORE, Plaintiff, KEITH VANDIVER, respectfully request judgment be entered against Defendant, SYSTEMS & SERVICES TECHNOLOGIES, INC., for the following:

49. For statutory damages provided and pursuant to Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

50. For attorneys' fees, costs and disbursements;

51. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

52. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

53. Plaintiff repeat and re-allege paragraphs 1-47 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

54. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, KEITH VANDIVER, respectfully request judgment be entered against Defendant, SYSTEMS & SERVICES TECHNOLOGIES, INC., for the following:

55. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff are entitled to and request $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

56. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff are entitled to and request treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

57. Plaintiff are entitled to and seek injunctive relief prohibiting such conduct in the future; and

58. Any other relief that this Honorable Court deems appropriate.

DATED:  August 7, 2019		RESPECTFULLY SUBMITTED,

                                                 By: /s/ Michael S. Agruss
                                                     Michael S. Agruss
                                                     SBN: 6281600
                                                     Agruss Law Firm, LLC
                                                     4809 N. Ravenswood Ave., Suite 419
                                                     Chicago, IL 60640
                                                     Tel: 312-224-4695
                                                     Fax: 312-253-4451
                                                     michael@agrusslawfirm.com
                                                     Attorney for Plaintiff